Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS LLC, ) | No. 2:12-cv-01656-KJM-GGH |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| JOHN DOE, ) | **PLAINTIFF'S CASE STATUS REPORT** |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S CASE STATUS REPORT**

Plaintiff AF Holdings LLC (hereinafter "Plaintiff"), by and through its undersigned counsel, hereby submits Plaintiff's Case Status Report pursuant to the Court's Minute Order (ECF No. 8), and the Federal Rules of Civil Procedure ("FRCP"), Rule 26.[1]

**(a) Brief Summary of the Claims:**

Plaintiff is an organization that holds the copyrights to certain adult entertainment content. Defendant John Doe (hereinafter "Defendant") is an alleged copyright infringer.

Plaintiff alleges that Defendant, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted works available for distribution to others. Plaintiff further alleges that Defendant acted in concert

---
[1] Plaintiff submits this Case Status Report on its own because, for reasons discussed more thoroughly below, Plaintiff is the only party in this case at this time.

with other individuals to download a multitude of Plaintiff's copyrighted works via the BitTorrent protocol.

On June 20, 2012, Plaintiff filed its Complaint. (ECF No. 1.) On June 28, 2012, Plaintiff filed its Ex Parte Application for Leave to Take Expedited Discovery. (Hereinafter "Application," ECF No. 6.) On August 2, 2012, the Honorable Magistrate Gregory F. Hollows issued his Order granting Plaintiff's Ex Parte Application for Leave to Take Expedited Discovery (ECF No. 7, hereinafter "August 2 Order".)  Pursuant to the August 2 Order, on August 3, 2012, Plaintiff issued the requisite subpoena on the ISP, Bright House Networks, LLC ("Bright House"), in the United States District Court in the Northern District of Illinois.

The Plaintiff served Bright House with the authorized subpoena in timely fashion. Plaintiff obtained the requested information from Bright House two days ago. Plaintiff is currently attempting to reach out to the subscriber related to the IP address 174.134.185.41 in order to discuss the case. Presently, Plaintiff has not made any substantive contact with the subscriber, and telephone contact has failed. As such, Plaintiff requires additional time to establish contact with the subscriber in order to investigate and evaluate the case, and requires additional time to name and serve a defendant to this case.

**(b) Status of Service:**

At this point, as discussed above, Plaintiff has only recently received information regarding the service subscriber to the IP address 174.134.185.41. As Plaintiff establishes contact with the subscriber, Plaintiff will seek to name and serve a defendant to this case.

**(c) Possible Joinder:**

Plaintiff has no plans to join parties at this time.

**(d) Contemplated Amendments to the Pleadings:**

Plaintiff may amend its Complaint to name a defendant to this case in the near future.

**(e) Statutory Basis for Jurisdiction and Venue:**

As alleged in Plaintiff's Complaint (ECF No. 1 ¶ 5), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly

referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution.

Further, this Court has personal jurisdiction over Defendant because Plaintiff believes he/she resides and committed copyright infringement in the State of California. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

**(f) Anticipated Discovery and Scheduling:**

Plaintiff objects, generally, to being required to set any of the following requested dates at this time. Many of the dates are dependent on having a defendant who will actually participate in this case. At this point, this is uncertain.

(1) <u>Changes to Time, Form, or Requirements for Disclosure under Rule 26(a):</u>

Plaintiff has no suggested changes to the time, form, or requirements for disclosure.

(2) <u>Subjects on Which Discovery May be Needed; When Discovery Should be Completed; Whether Discovery Should be Conducted in Phases:</u>

At this time, before the Defendant's involvement in this case, this would be premature.

(3) <u>Changes to Limitations on Discovery Imposed under the Civil Rules:</u>

None that Plaintiff anticipates at this time.

(4) <u>Timing of the Disclosure of Expert Witnesses; Information Required by Rule 26(a)(2):</u>

While Plaintiff currently has no objections to the timing set up in Rule 26(a)(2), at this time, it is premature for Plaintiff to make a conclusive statement as to this matter.

(5) <u>Proposed Dates for Discovery Cut-Off:</u>

Again, Plaintiff believes it is pre-mature to make this proposal considering the above.

///

**(g) Proposed Date by Which all Non-Discovery Motions Should be Filed:**

Without Defendant's participation, Plaintiff believes that setting such a schedule is premature.

**(h) Proposed Dates for Final Pretrial Conference and Trial:**

Again, at this time, without Defendant's participation, Plaintiff believes that making a guess as to these dates is premature.

**(i) Estimate of Days of Trial:**

Plaintiff's best estimate is 3 days.

**(j) Appropriateness of Special Procedure Such as Referral to Special Magistrate, etc:**

None.

**(k) Proposed Modifications of Standard Pretrial Procedures Due to Special Nature of the Case:**

None.

**(l) Related Case:**

Not applicable.

**(m) Prospect for Settlement:**

Once Plaintiff names a Defendant to this case, Plaintiff will initiate contact with Defendant and begin settlement discussions if possible.

**(n) Any Other Matters:**

Plaintiff would like to inform the court that, in light of the current position of the case at this time, there really is no need for the Status Conference scheduled for November 1, 2012 as there is nothing substantive to report on at this time outside of the matters discussed herein. Should the Court require one, Plaintiff would request that the Court allow its attorney, who lives in Marin County, to participate via telephone conference.

///

///

///

1  Respectfully Submitted,

2                                              AF HOLDINGS LLC,

3  **DATED: October 25, 2012**

4
                                        By:      /s/  Brett L. Gibbs, Esq.
5
                                              Brett L. Gibbs, Esq. (SBN 251000)
6                                             Of Counsel to Prenda Law Inc.
                                              38 Miller Avenue, #263
7                                             Mill Valley, CA 94941
                                              blgibbs@wefightpiracy.com
8                                             *Attorney for Plaintiff*